IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREENVILLE PUBLIC SCHOOL DISTRICT                    PLAINTIFF

VS.                              CIVIL ACTION NO.: 4:24-CV-82-MPM-JMV

CARMELLE JAMISON AND
TERRELL GIBSON, IN THE INTEREST
OF E.J.                                              DEFENDANTS

### ORDER GRANTING DEFENDANTS' RULE 59(e) MOTION

This matter is before the court on pro se Defendants' "Rule 59(e) Motion and Response to Judge Virden's Order to Deny Jamison's IFP" [Doc. 8]. Having reviewed the Rule 59(e) motion, which for the reasons explained below the Court construes as one for reconsideration, the Court finds it well-taken and it is hereby GRANTED as follows:

By way of background, on September 4, 2024, Defendants removed this case from the Chancery Court of Washington County, Mississippi to this Court [Doc. 1]. No filing fee was submitted in connection with the removal, but on the date thereof, Ms. Jamison moved to proceed in forma pauperis ("IFP")[1] [Doc. 2]. Ms. Jamison's co-defendant, Mr. Gibson, did not move to proceed IFP.

On September 9, 2024, this Court entered an order [Doc. 6] denying Ms. Jamison's motion to proceed IFP due to the application containing insufficient and/or unclear financial information.[2]

---

[1] Pursuant to 28 U.S.C. § 1915(a), a Court may authorize removal from state court of a civil action without the prepayment of the required filing fee, provided that the individuals pursuing such action file an affidavit "that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or provide security therefor".

[2] The Court undertook to explain in the order the basis for finding the financial information inadequate as follows: The application states that [Ms. Jamison] has been unemployed "for about a week." However, it also states that Defendant has not received any income either through wages or business, profession, or other self-employment over the past 12 months. Ms. Jamison must list any wages from any previous job from the last 12 months. The application also contains other contradictory statements, such as that Defendant is paying a car note on a car she does not own in

1

At that time, the court explained to Ms. Jamison that she could reapply for IFP status by filing a renewed motion within 21 days with a completed financial application attached.[3] In addition, the court explained that in a case that has been removed to federal court by two defendants, such as this case, either both defendants must file for and be granted IFP status, or the filing fee will have to be paid by the defendant who did not apply and qualify for IFP status. In other words, while only a single fee[4] is required to remove a case to federal court, if there are two removing defendants and either or both do not qualify for IFP status, a filing fee must be paid by one of them. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) (requiring a review of each of moving parties' financial resources in a multiple plaintiff suit where Plaintiffs sought IFP status).

In the instant case, the Court noted that Ms. Jamison's co-defendant Mr. Gibson had not moved for IFP status or tendered the filing fee. Accordingly, the Court undertook in the same order to specifically inform both defendants of this obligation and required Mr. Gibson to either himself apply for IFP status or "show cause" why the undersigned should not dismiss the case for failure to either seek such status or tender the aforementioned fee to the clerk of the court.

On October 2, 2024, Defendants filed a motion [Doc. 8] styled "Rule 59(e) Motion and Response to Judge Virden's Order to deny Jamison's IFP" (hereinafter "Rule 59 motion") with two exhibits attached thereto: 1) a new IFP Application of Ms. Jamison with updated information and 2) a Declaration of Gibson. The jointly filed motion was accompanied by a memorandum in

---

excess of $600 a month despite having no income or other savings. The make and model of this car is not identified. Defendant also lists a 2019 Cadillac car, but it is unclear whether this is the previously mentioned car of unknown make and model that she is paying the note on, or a second car that Defendant fully owns.
[3] Defendant used the approved form provided on the U.S. District Court for the Northern District of Mississippi website.
[4] $405.00. *See* U.S. District Court for the Northern District of Mississippi Fee Schedule.

support thereof [Doc. 9]. That same day, Gibson separately filed a "Response to Show Cause Order" [Doc. 7].

It is against this backdrop that the undersigned will first address the Rule 59 motion [Doc. 8] as concerns Ms. Jamison's renewed IFP application; secondly, I will address Mr. Gibson's declaration attached to the Rule 59 motion and his separately filed Response to Order to Show Cause; and finally, I will address Defendants' stated concerns regarding my alleged inability to remain impartial.

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend judgements. Pursuant to Rule 54(a), a judgment is a decree or order from which an appeal lies. An order denying IFP status is not such an order. On the other hand, as the pro se litigants correctly point out, they are not lawyers from whom strict compliance with the Federal Rules of Civil Procedure are required. *See Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023). The Court affords them leeway in following the undoubtedly complex and sometimes verbose Federal Rules of Civil Procedure that govern the practice of law in federal courts. In accordance therewith, the undersigned will construe the Rule 59 motion as one for reconsideration of Ms. Jamison's prior IFP application now that she has submitted, in support thereof, an amended financial application which sufficiently addresses the concerns raised by the former application. Most notably, in addition to other clarifications, Ms. Jamison has now disclosed her other sources of income for the last 12 months, detailing therein her multiple places and dates of employment, as well as wages earned. Based thereon, I find she qualifies for IFP status.

Addressing next Mr. Gibson's declaration attached to the Rule 59 motion (Ex. 2 to [Doc. 8]) and his separately filed, but essentially redundant Response to Order to Show Cause ([Doc.

7]), I will first, to avoid any unnecessary miscommunication, recite below from both as concerns the requirement that he either pay the filing fee or seek to proceed IFP:[5]

> DECLARATION OF GIBSON
>
> 2. I am not a pauper but I also I did not have the $400 dollars at the time we filed the complaint to pay the filing fee and I do not have the $400 now. All of the cash flow that I have is committed to bills as I pay all of the bills in my household.
>
> 3. **Jamison, E.J., and I live together and as a result all of my bills have increased exponentially** i.e. food, electrical, transportation, gas, water, home repairs, etc. On the things that EJ need for school Mom pays most of that and I also help. Jamison has been out of work and can't afford to help me with the bills right now. So that is why I do not have the 400 dollars to pay the filing fee. We had originally agreed to consolidate our living arrangement inter alia, to help save money but that has not worked out as of yet due to the fact the Jamison is out of work. I do not know what show cause mean or even if I responded correctly but I have responded the best way I know how, with the truth.

Ex. 2 to [Doc. 8] at 1.

> GIBSON'S RESPONSE TO SUA SPONTE MOTION TO SHOW CAUSE
>
> 2. As it relates to show cause, I do not know what show cause mean and I do not know how to show cause. But as it relates to the issue of why I did not pay the filing fee. I simply could not afford to pay the filing fee and that is why I did not pay it. We were told by the clerk that only one person had to pay the fee. **And since Jamison already had an active IFP application before the Court it just seemed logical to us to just file for an IFP through Jamison.**
>
> 3. The reason I did not file an IFP application an IFP application is I am not at the indigency status that Jamison is. Therefore, If I would have applied for IFP I would be perjuring myself. The law does not require me to spend my last dollars to pay court cost when I can seek a legitimate benefit afforded to the case by my co-defendant in this case. We did not understand this to be breaking a law.

[Doc. 7] at 2.

---

[5] The balance of Mr. Gibson's concerns, as well as Ms. Jamison's concerning any perceived partiality of the undersigned, are addressed separately.

With reference to the foregoing, the undersigned most assuredly agrees with Mr. Gibson that there is no requirement for an applicant to be absolutely destitute or spend his last dollar toward the filing fee. On the other hand, I respectfully ask that Mr. Gibson acknowledge and comply with requirements that do exist for IFP status. Those requirements are that the applicant submit an affidavit that includes a statement of all assets showing an inability to pay, most commonly done by filling out the form that was completed by his co-defendant. Also, I fully acknowledge that Mr. Gibson does not agree with the requirement that both he and Ms. Jamison either qualify for IFP status or, if not, the one who doesn't must tender the filing fee. Still, I must inform Mr. Gibson he is simply in error on the law and direct him file his own application to proceed IFP if he cannot pay. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Finally, on this issue, I hasten to add that the Court will give Mr. Gibson an additional 30 days to either complete and file the appropriate IFP motion with financial affidavit attached or tender the required filing fee, failing which the undersigned will recommend the dismissal of the case.

Lastly, I turn to address the concerning allegation of partiality leveled at the undersigned by both Ms. Jamison and Mr. Gibson. Those allegations cover this as well as a prior case assigned to the undersigned as magistrate judge and include, by way of illustration, the following:

> 3. On December 12, 2023 Jamison made a second request to appoint counsel. (Doc 49). On June 24, 2024 Judge Virden again denied the request. (Doc 72). Judge Virden denied the request without considering the merits of the application i.e. the viability of Jamison's discrimination claims. On July 23, 2024 Jamison filed a recusal motion along with a rule 59 motion against Judge Virden and against District Judge Debra Brown accusing said judges, inter alia, of being unfair, partial and biased. (Doc 75). On July, [sic] 29 2024 said motion were denied by the aforementioned Judges. (Doc 76-77).

[Doc. 9] at 2.

JAMISON'S CONTENTIONS

> 7. Also there is in fact a July 23, 2024 resucsal motion submitted against Judge Virden by Jamison in a prior case was drafted by Gibson as the AIF for Jamison that we believe contributed to the denial of IFP. We believe and state that the denial of Jamison's IFP request/application could be said to be retaliation because of Jamison's filed recusal motion against Judge Virden 2 months prior. Considering the facts of this case, **there is no way to separate the suspicion that will always cloud any adverse decision in this case by Judge Virden in respects to the recusal motion**. We further contend that the motion to recuse Judge Virden and Judge Virden's acceptance of an appointment to this case are so close in time as to be an abuse of discretion. Therefore, we request that Judge Virden follow the lead of the District Judge Brown **and recuse herself from this case so as to preserve and promote the appearance of partiality and fairness.** (Doc. 5).
>
> …
>
> 11. Also considering the fact that the denial of the IFP comes only two months after Jamison's motion to recuse Judge Virden and Brown the denial appears to be an/or can be said to be retaliatory as well.

[Doc. 9] at 3-4, 6.

With respect to these assertions, I respectfully point out to the litigants here that the undersigned is randomly assigned cases as a Magistrate Judge in the district, and I play no role whatsoever in the making of such assignments. Moreover, it is not unusual for a magistrate judge with over 13 years in service to have been assigned cases over time involving the same party or parties, including those with both favorable and unfavorable Magistrate Judge rulings. In short, while I regret that the instant litigants harbor suspicions regarding my alleged lack of impartiality toward them, I can assure them that I have no desire in managing this or any other case before me other than to do so in compliance with rules governing the same and where, as here, there are pro se litigants involved, I endeavor to make those rules known to them and provide them an opportunity to bring themselves into reasonable compliance therewith. Lastly, I note that though the foregoing complaints of lack of impartiality have been made as discussed herein, there is not

6

currently pending a motion to recuse filed by either litigant. Should the movants desire to so move, they may do so by filing an appropriate motion on the docket which I will undertake to consider in due course.

In accordance with the forgoing, it is hereby ordered that Defendants' Rule 59(e) motion for reconsideration [Doc. 8] is GRANTED, Defendant Jamison is granted IFP status, and **Defendant Gibson is afforded an additional 30-day period, or through Friday, November 29, 2024, to file his motion to proceed IFP or pay the filing fee.**

**SO ORDERED**, this, the 29th day of October, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**