**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GREENVILLE PUBLIC SCHOOL DISTRICT**            **PLAINTIFF**

**v.**            **No. 4:24-cv-00082-MPM-JMV**

**CARMELLE JAMISON AND TERRELL GIBSON,**            **DEFENDANTS**
**IN THE INTEREST OF E.J., A MINOR**

**ORDER**

This matter is before the Court on Defendants' Carmelle Jamison, as the biological mother of her minor child, E.J., and Terrell Gibson, acting as E.J.'s stepfather, hereto, collectively referred to as "the Parents" motions to dismiss [11, 14] and Motion for Entry of Default [15]. Greenville Public School District (GPSD) has not responded in opposition to the motions, nor requested additional time to do so. The Court has reviewed the record and is now prepared to rule.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter involves two due process complaints filed by the Parents against GPSD with the Mississippi Department of Education (MDE). The Parents are acting *pro se* and in the best interest of their minor child, E.J. In the first complaint, the Parents claimed GPSD violated E.J.'s rights under the IDEA with respect to appropriate services, appropriately trained staff, the development of E.J.'s Individualized Education Program (IEP), parental participation, provisions on child identification, evaluation, and educational placement, and denied E.J. a Free Appropriate Public Education (FAPE). The parties reached a mediation agreement, and the Parents withdrew their complaint. However, disagreements arose regarding the agreement's execution, and the Parents subsequently filed the second complaint with the MDE.

The MDE assigned this second complaint to hearing officer, Dr. Davis Daves, for a public due process hearing under Part B of the Individuals with Disabilities Education Act (IDEA), scheduled for August 14, 2024. Upon the Parents request, Dr. Daves issued a subpoena for GPSD's legal counsel, Ms. Dorian Turner, to testify at the due process hearing about her communications with the hearing officer and her client, GPSD. GPSD moved to quash the witness subpoena, arguing Ms. Turner is not a fact witness and asserting attorney-client privilege. Dr. Daves opposed the motion, stating that objections could be raised if, and when, her testimony invaded the privilege.

On July 30, 2024, GPSD filed an emergency complaint in Washington County Chancery Court seeking to prevent Ms. Turner's testimony before the MDE. GPSD also challenged Mr. Gibson's standing as E.J.'s stepfather, the validity of his "power of attorney" to act on behalf of Ms. Jamison and represent E.J's best interests under IDEA, and the practice of law without a license. The standing issue has been debated extensively before the MDE and is an ongoing controversy at the Washington County Chancery Court. Given the complexity of the paternity issue, Dr. Daves notified the parties of his intention to dismiss the IDEA due process complaint and hearing, allowing the chancery court to resolve the standing issue first.

On August 5, 2024, a final order was entered dismissing the due process case and the August 14 hearing with prejudice and emphasizing the Parents' right to appeal and to file a separate complaint before the MDE after the federal court's ruling. The same day, the Parents filed an emergency cross motion in federal court seeking to reinstate the due process hearing.

On August 7, 2024, the Parents also filed a response opposing GPSD's complaint before the Washington County Chancery Court and requesting in their response that the case be removed

2

to federal court. On August 30, 2024, the Parents formally filed an amended notice of removal to this Court pursuant to IDEA under 20 U.S.C.A. §§ 1400, 1450.

However, the Parents have since obtained legal counsel and filed an IDEA appeal of the dismissal [civil action no. 4:24-CV-103-GHD-JMV]. As a result, they are no longer seeking reinstatement of the due process hearing, making the claims before this Court moot.

## ANALYSIS

A Rule 12(b)(1) motion "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014); *see also Home Builders Ass'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). Mootness occurs when circumstances eliminate the actual controversy after the commencement of a lawsuit. *Grinols v. Mabus*, 796 F. Supp. 972, 974 (N.D. Miss. 1992) (citations omitted). Mootness is a threshold jurisdictional inquiry under Article III of the U.S. Constitution, which limits federal courts to adjudicating actual, ongoing controversies. *Id.* Courts are obligated to address jurisdictional issues, including mootness, before considering the merits of the case. *DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021).

GPSD's emergency complaint for an injunction and the Parents' emergency cross motion are now moot because the due process hearing and related MDE complaints, which formed the basis of the emergency pleadings, have been dismissed with prejudice. As there is no longer a live

controversy or injury for the court to address, and GPSD does not oppose the Parents' motions, the motions to dismiss shall be granted and the motion for entry of default shall be dismissed as moot. Lastly, the Court will not address the damages outlined in the Parents' motion for default, as the Parents may raise their request for relief before the court handling the appeal.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that the Parents' Motion to Dismiss [11] and Motion to Dismiss their Emergency Cross Motion [14] are **GRANTED**. The Parents' Motion for Entry of Default [15] is **DISMISSED as moot**.

A separate judgment in accordance with this order will be entered on this date.

SO ORDERED this the 21st day of April, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

!